**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X

In Re:                                                      Chapter 13

Christopher P. Andolino,                                    Case No. 13-17238 (RG)

                            Debtor.
---------------------------------------------------------X
APPEARANCES:

Dean G. Sutton, Esq.
18 Green Road
P.O. Box 187
Sparta NJ 07871
*Attorney for the Debtor*

Mary-Ann Greenberg, Esq.
30 Two Bridges Road
Suite 330
Fairfield, NJ 07004
*Chapter 13 Standing Trustee*

**MICHAEL B. KAPLAN, U.S.B.J.**[1]

## MEMORANDUM OF LAW

### I.    Introduction

This matter comes before the Court upon the Chapter 13 Standing Trustee's ("Trustee") objection to confirmation of the Debtor's proposed Chapter 13 Plan ("Plan"). The Trustee contends that (i) the Debtor cannot meet the Chapter 13 eligibility requirements for regular income under 11 U.S.C. § 109(e), and (ii) an individual retirement account ("IRA") inherited by

---

[1] While Judge Gambardella continues to preside over the Debtor's Chapter 13 case, Judge Kaplan has agreed to handle the within matter. Moreover, the parties have consented to a ruling on the papers in lieu of oral argument.

the Debtor pre-petition must be included as property of the bankruptcy estate pursuant to applicable law. The Court has received and reviewed the parties' submissions and, for the reasons expressed below, overrules the Trustee's objection to confirmation. The Court issues the following findings of fact and conclusions of law, consistent with Fed. R. Bank. P. 7052.[2]

## II.     Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(L) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

## III.    Background

On April 4, 2013, the Debtor, Christopher P. Andolino, filed his voluntary Chapter 7 bankruptcy petition. Shortly thereafter, on May 28, 2013, the Debtor filed a motion to convert his Chapter 7 case to a Chapter 13 proceeding. On August 6, 2013, the Court entered an order granting the motion and converting the case.

In his initial schedules, and in a subsequent amendment to Schedules B and C, the Debtor discloses an IRA valued at $120,000, to which he claims a full exemption pursuant to 11 U.S.C. § 522(d)(12). Prior to conversion of the case to Chapter 13, the Debtor again amended his Schedules B and C to reflect that the IRA in fact had been *inherited* from his mother and therefore claims that the inherited IRA is not property of the bankruptcy estate. As an alternative

---

[2] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

2

theory to protect the inherited IRA from his creditors, the Debtor continues to claim an exemption in the inherited IRA pursuant to 11 U.S.C. § 522(d)(12).

On August 30, 2013, the Debtor filed his Chapter 13 Plan, to which the Trustee objected. In her objection, the Trustee asserts that unless the Debtor utilizes the proceeds of the inherited IRA to fund his Plan, the Debtor's Chapter 13 Plan is not feasible, as the Debtor cannot satisfy the Chapter 13 "regular income" requirement under 11 U.S.C. § 109(e), due to the Debtor's unemployment. In recognition of the unsettled case law on certain issues relative to inherited IRAs, and in light of the U.S. Supreme Court's grant of *certiorari* in *Clark v. Rameker*, 134 S. Ct. 2242 (U.S. 2014), the parties agreed to await the U.S. Supreme Court's decision in *Clark* and then file supplemental briefs on the issue. On September 26, 2014, the Court entered a Joint Scheduling Order setting forth appropriate submission dates. The issues have been fully briefed and a hearing to confirm the Debtor's Chapter 13 Plan is scheduled currently for March 4, 2015.

**IV.    Discussion**

    **A.    Regular Income Requirement under 11 U.S.C. § 109(e)**

The Trustee first submits that because the Debtor is currently unemployed, he cannot meet the income requirements of a Chapter 13 debtor under 11 U.S.C. § 109(e). Section 109(e) states as follows:

> (e) Only an individual with ***regular income*** that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $ 383,175 and noncontingent, liquidated, secured debts of less than $ 1,149,525 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $ 383,175 and noncontingent, liquidated, secured debts of less than

>$ 1,149,525 may be a debtor under chapter 13 of this title [11 USCS §§ 1301 et seq.].

11 U.S.C. § 109(e) (emphasis added). With no regular income, the Trustee maintains that the Debtor cannot fund his proposed Plan and, therefore, asserts that the Plan is not feasible.

To the contrary, the Debtor posits two alternative means of funding his Plan. First, the Debtor states that he has been residing with his girlfriend, who has agreed to pay his living expenses and fund his Chapter 13 Plan. The Debtor asserts that such contributions satisfy the "regular income" requirement of 11 U.S.C. § 109(e), and have been a "regular and stable" arrangement between the Debtor and his girlfriend for over a year. Second, the Debtor contends that he has the option of utilizing funds from his inherited IRA, as non-bankruptcy estate property, should that option become necessary.

The Court agrees with the Debtor's position with respect to the "regular income" requirement of 11 U.S.C. § 109(e), but only to the extent that the Debtor can offer at confirmation competent evidence of his girlfriend's commitment to fund the Plan. Indeed, while courts have considered contributions by non-debtor parties, a demonstrated commitment to make such contributions is an important factor in determining Chapter 13 eligibility:

> A leading commentator on Chapter 13, Bankruptcy Judge Keith M. Lundin, reports in his treatise that courts have generally been somewhat willing to consider gratuitous contributions from the non-bankruptcy-filing spouse of a debtor to be "regular income" for purposes of Chapter 13 eligibility, more reluctant when the contributions are from other family members or relatives, ***and willing to accept them from someone like a boyfriend only when he makes a formal promise to help fund the plan and testifies about his ability to do so.***

*In re Loomis*, 487 B.R. 296, 300-301 (Bankr. N.D. Okla. 2013), *citing In re Heck*, 355 B.R. 813, 824-825 (Bankr. D. Kan. 2006) (emphasis added).  Moreover, "it is incumbent on the debtor to satisfactorily establish that the contributions are sufficiently 'stable and regular to enable [the debtor] to make payments under a plan under Chapter 13….'".  *In re Norwood*, 178 B.R. 683, 691 (Bankr. E.D. Pa. 1995).  Accordingly, the Court will overrule the Trustee's § 109(e) objection to the extent that the Debtor can properly demonstrate, by way of testimony, affidavit or other competent evidence, his girlfriend's commitment to fund his Chapter 13 Plan.

**B.     Inherited IRAs as Property of the Estate under 11 U.S.C. § 541**

Next, the Trustee attempts to apply the U.S. Supreme Court's decision in *Clark*, *supra*, to the facts of the within case.  There, the U.S. Supreme Court determined that funds held in an inherited IRA are not "retirement funds" within the meaning of 11 U.S.C. § 522(b)(3)(c), because an inherited IRA has differing characteristics from a traditional IRA in terms of how the underlying funds may be used.  The Trustee asserts that the traditional IRA, established by the Debtor's mother (which, consistent with *In re Yuhas*, 104 F.3d 612 (3d Cir. 1997), would not have been deemed property of the estate if the Debtor's mother had filed her own bankruptcy), morphs into an asset that *is* property of this Debtor's bankruptcy estate, by virtue of its new status as an inherited IRA.

The Court will not take the proverbial "leap" in linking the U.S. Supreme Court's ruling that an inherited IRA is not *exempt* from the bankruptcy estate, to an automatic determination that an inherited IRA is necessarily *included* in the bankruptcy estate.  Rather, the Court must determine, in the first instance, whether the inherited IRA at issue is in fact property of the

5

bankruptcy estate pursuant to 11 U.S.C. § 541, and only then would the Bankruptcy Code's 11 U.S.C. § 522 exemption scheme become relevant.

Section 541, which establishes parameters for what may be considered property of the bankruptcy estate, specifically carves out the following from bankruptcy estate property:

> (c)(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that *is enforceable under applicable nonbankruptcy law is enforceable in a case under this title*.

11 U.S.C. § 541(c)(1)(A) (emphasis added). Thus, whereas the inherited IRA at issue in *Clark* was determined to be an asset of the bankruptcy estate pursuant to nonbankruptcy law, *i.e.*, Wisconsin law, this Court first must apply relevant New Jersey law to determine whether the Debtor's inherited IRA is property of the bankruptcy estate. In that regard, New Jersey's exemption statute, N.J.S.A. § 25:2-1(b), provides in pertinent part:

> Notwithstanding the provisions of any other law to the contrary, any property held in a qualifying trust and any distributions from a qualifying trust, regardless of the distribution plan elected for the qualifying trust, shall be exempt from all claims of creditors and shall be excluded from the estate in bankruptcy . . . .
>
> . . .
> For purposes of this section, a "qualifying trust" means a trust created or qualified and maintained *pursuant to federal law, including, but not limited to, section . . . 408 . . . of the federal Internal Revenue Code of 1986 (26 U.S.C. § . . . 408 . . . )*.

N.J.S.A. § 25:2-1(b) (emphasis added). In applying N.J.S.A. § 25:2-1(b), the Court must first ascertain, under federal law, whether an inherited IRA is a "qualifying trust" and thus excludable from the Debtor's bankruptcy estate.

The Internal Revenue Code ("IRC") defines an individual retirement account as "a trust created or organized in the United States for the exclusive benefit of an individual or his

6

beneficiaries," and requires that the written instrument meet certain requirements as set forth in 26 U.S.C. § 408(a). In this case, neither of the parties dispute that the IRA held by the Debtor's mother was a qualifying trust when it was initially created. Thus, the question before the Court is whether the IRA is somehow transformed to something other than a qualifying trust when it passes to the Debtor as an inheritance. As explained in more detail below, the IRA's status as a qualifying trust remains unchanged, notwithstanding the Debtor's receipt of the IRA as a beneficiary.

Although *Clark* made certain key distinctions between attributes of a traditional IRA versus those of an inherited IRA, the analysis undertaken by the U.S. Supreme Court was limited to whether the funds held in an inherited IRA could be considered "retirement funds," as that term is used in the exemption statute of the Bankruptcy Code. As explained in *Clark*:

> Inherited IRAs do not operate like ordinary IRAs. Unlike with a traditional or Roth IRA, an individual may withdraw funds from an inherited IRA at any time, without paying a tax penalty. § 72(t)(2)(A)(ii). Indeed, the owner of an inherited IRA not only may but must withdraw its funds: The owner must either withdraw the entire balance in the account within five years of the original owner's death or take minimum distributions on an annual basis. *See* §§ 408(a)(6), 401(a)(9)(B); 26 CFR § 1.408-8Q-1 (2013) and A-1(a) incorporating § 1.401(a)(9)-3 (Q-1 and A-1(a))); *see generally* D. Cartano, Taxation of Individual Retirement Accounts § 32.02[A] (2013). And unlike with a traditional or Roth IRA, the owner of an inherited IRA may never make contributions to the account. 26 U. S. C. § 219(d)(4).

*Clark v. Rameker*, 134 S. Ct. at 2245. Thus, while informative, the distinctive factors discussed in *Clark* are not determinative of whether a traditional IRA loses its status as a qualifying trust when that IRA is inherited. Rather, when an IRA is inherited it merely becomes subject to a new

set of rules governing the tax treatment and disposition of the underlying funds, as opposed to losing its trust designation completely.

While 26 U.S.C. § 408 does not offer a definition of "inherited individual retirement accounts," 26 U.S.C. § 408(d)(3)(C) does establish certain unique tax implications and restrictions with respect to the use of funds held in inherited IRAs. Nowhere, however, does this section suggest that an IRA that is deemed a "qualified trust" will somehow lose its trust designation upon transfer to a designated beneficiary. Indeed, the very opposite is true. "Even though inherited IRAs are treated differently under the IRC, they are still protected from taxation for a time period that is provided under the IRC" and, therefore, "it is not accurate to state that inherited IRAs do not meet the requirements for an IRA under § 408." *In re Thiem*, 443 B.R. 832, 843 (Bankr. D. Ariz. 2011).

If either the New Jersey legislature or Internal Revenue Service had desired to terminate an IRA's "qualified trust" status upon inheritance by a beneficiary, a provision to that effect could have been included in 26 U.S.C. § 408. Instead, the IRC provides for separate tax treatment with respect to inherited IRAs, subject to certain limitations. In this regard, the Court finds the following summary of the treatment of inherited IRAs in *In re Klipsch* to be instructive:

> According to 26 U.S.C. § 408(d)(3)(C)(ii), an individual retirement account shall be treated as ***inherited*** if the individual for whose benefit the account is maintained acquired such account by reason of the death of another individual, and such individual was not the surviving spouse of such other individual. [emphasis in the original]…
>
> Pursuant to the Internal Revenue Code, the rollover of an inherited IRA destroys the account's status as an IRA. 26 U.S.C. § 408(d)(3)(C)(i)(II). IRS Publication 590 puts forth a clear

> explanation of inherited IRAs under the section conveniently titled: What if You Inherit an IRA?
>
> Inherited from someone other than a spouse. If you inherit a traditional IRA from anyone other than your deceased spouse, you cannot treat the inherited IRA as your own. This means that you cannot make any contributions to the IRA. It also means you cannot roll over any amounts into or out of the inherited IRA. However, you can make a trustee-to-trustee transfer as long as the IRA into which the amounts being moved is set up and maintained in the name of the deceased IRA owner for the benefit of you as beneficiary.
>
> Like the original owner, you generally will not owe tax on the assets in the IRA until you receive distributions from it. ***You must begin receiving distributions from the IRA under the rules for distributions that apply to beneficiaries.***

435 B.R. 586, 588 (Bankr. S.D. Ind. 2010) (emphasis added). In light of the foregoing, the Court finds that the Debtor's inherited IRA retains its designation as a "qualified trust" and therefore cannot be included as property of the bankruptcy estate. Thus, whether it becomes necessary for the Debtor to utilize the funds held in the inherited IRA remains to be seen and will be determined through the confirmation process.

The Court's ruling is not meant to suggest that an inherited IRA will always be excluded from the bankruptcy estate. Indeed, if applicable nonbankruptcy law specifically excludes inherited IRAs from a state's exemption statute, then the inherited IRA would be included as an asset of the bankruptcy estate subject to 11 U.S.C. § 522 bankruptcy exemptions. Additionally, if the Debtor fails to comply with 26 U.S.C. § 408(d)(3)(C) – by way of example, improperly rolling over the IRA or failing to withdraw the entire balance in the account within five years of the original owner's death or take minimum distributions on an annual basis -- the Debtor may then lose certain tax benefits as well as a qualified trust designation. As the record currently

reflects, however, New Jersey's exemption statute, which essentially defers to the Internal Revenue Code, functions to exclude the inherited IRA from the Debtor's bankruptcy estate, subject to the Debtor's compliance with applicable rules for distributions to beneficiaries.

**V.      Conclusion**

For the reasons expressed above, the Court finds that the inherited IRA is not property of the bankruptcy estate, and the case is to proceed to confirmation as scheduled. Counsel for the Debtor is directed to submit a form of Order consistent with the Court's ruling.

Dated: February 25, 2015

/s/ Michael B. Kaplan
Honorable Michael B. Kaplan
United States Bankruptcy Judge